UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                               )
IN RE YASMIN AND YAZ (DROSPIRENONE)   )   3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND          )
PRODUCTS LIABILITY LITIGATION              )   MDL No. 2100
_____     )
                                                                     ORDER
                                                                     VACATING DISMISSAL

**This Document Relates to:**

*Natasha Haley, et al. v.*                          No. 3:11-cv-12892-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*[1]

**ORDER**

**HERNDON, Chief Judge:**

### I. BACKGROUND

On February 9, 2012, Bayer moved to dismiss numerous plaintiffs in the above-captioned matter without prejudice for failure to comply with plaintiff fact sheet (PFS) obligations (Doc. 4.) Plaintiffs did not respond to Bayer's motion, and the Court dismissed certain plaintiffs without prejudice on March 1, 2012 (Doc. 5). On April 26, 2012, plaintiffs filed a motion to vacate the order of dismissal as to certain plaintiffs, stating that the named plaintiffs provided defendants with completed plaintiff fact sheets in accordance with CMO 12. Bayer filed a

---

[1] This order applies to plaintiffs (1) Judy Barker, (2) Misty Brehm, (3)Morgan Chiti, (4) Rebekah Crosser, (5) Mary Eshbaugh, (6) Starlet Etheridge, (7) Elizabeth Grainger, (8) Diana Medina, (9) Talia Riffe, (10) Nicole Subler, (11) Kathy Thompson, (12) Allison Tinder, (13) Emily De La Cruz, (14) Ksee Ashcraft, (15) Andrea Ferris, (16) Sarah Fleck, (17) Austin Frazier, (18) Patricia Garcia, (19) Rachel Locken, (20) Nicole Love, (21) Kylie Pulliam, (22) Michelle Rhodes, (23) Sarah Vine, and (24) Jessica Walden.

responsive pleading on April 30, 2012 (Doc. 17). Bayer state that only 13 of the 24 plaintiffs have provided completed plaintiff fact sheet. Bayer is not opposed to the court vacating the order of dismissal as to the 13 complaint plaintiffs. As to the 11 non-compliant plaintiffs Bayer asks the Court to deny the motion to vacate.

## II.  ANALYSIS

### A.  Plaintiffs that have provided substantially complete PFS submissions or PFS submissions containing only minor deficiencies

Bayer states that the following plaintiffs have provided substantially complete PFS submissions or have provided PFS submissions containing only minor deficiencies. As to these plaintiffs, Bayer states that it is not opposed to vacating the order of dismissal. However, Bayer requests that the Court order the plaintiffs to cure the identified minor deficiencies in a timely manner.

1. Ksee Ashcraft
   a. minor deficiencies
   b. questions about education, employment, insurance, and alcohol/caffeine consumption are not complete

2. Judy Barker
   a. minor deficiencies
   b. Ms. Barker has not submitted a completed federal disclosure statement or a disability records release authorization.

3. Misty Brehm – substantially complete/no deficiencies identified

4. Morgan Chiti
   a. minor deficiency
   b. Ms. Chiti has not submitted a completed federal disclosure statement.

5. Rebekah Crosser
   a. Minor deficiency
   b. Ms. Crosser has not submitted a completed federal disclosure statement.

6. Mary Eshbaugh– substantially complete/no deficiencies identified

7. Starlet Etheridge– substantially complete/no deficiencies identified

8. Elizabeth Grainger– substantially complete/no deficiencies identified

9. Diana Medina– substantially complete/no deficiencies identified

10. Talia Riffe– substantially complete/no deficiencies identified

11. Nicole Subler– substantially complete/no deficiencies identified

12. Kathy Thompson
    a. Minor deficiency
    b. Ms. Thompson has not submitted a completed federal disclosure statement.

13. Jessica Walden
    a. Minor deficiency
    b. Ms. Walden has not submitted a completed federal disclosure statement.

**B. Plaintiffs who have failed to provide *substantially complete* PFS submissions**

As to the remaining 11 plaintiffs, Bayer is opposed to the motion to vacate. Bayer contends that these plaintiffs have not submitted *substantially complete* PFS materials. According to Bayer, the following PFS delinquencies exist:

1. Emily De La Cruz
    a. No signed Declaration
    b. No completed and signed Authorizations
    c. No completed Federal Disclosure form

2. Andrea Ferris
    a. Does not contain responsive and substantially complete answers
    b. No completed Federal Disclosure form

3. Sarah Fleck
    a. Does not contain responsive and substantially complete answers.
    b. No signed Declaration

      c. No completed and signed Authorizations
      d. No completed Federal Disclosure form

4. Austin Frazier
   a. Does not contain responsive and substantially complete answers
   b. No signed Declaration
   c. No completed and signed Authorizations
   d. No completed Federal Disclosure form

5. Patricia Garcia
   a. Does not contain responsive and substantially complete answers
   b. No completed and signed Insurance Authorizations
   c. No completed Federal Disclosure form

6. Rachel Locken
   a. Does not contain responsive and substantially complete answers
   b. No completed Federal Disclosure form

7. Nicole Love
   a. Does not contain responsive and substantially complete answers
   b. No signed Declaration
   c. No completed and signed Authorizations
   d. No completed Federal Disclosure form

8. Kylie Pulliam
   a. Does not contain responsive and substantially complete answers
   b. No signed Declaration
   c. No completed and signed Authorizations
   d. No completed Federal Disclosure form

9. Michelle Rhodes
   a. Does not contain responsive and substantially complete answers
   b. No signed Declaration
   c. No completed and signed Authorizations
   d. No completed Federal Disclosure form

10. Allison Tinder
    a. Does not contain responsive and substantially complete answers
    b. No signed Declaration
    c. No completed and signed Authorizations
    d. No completed Federal Disclosure form

11. Sarah Vine
    a. Does not contain responsive and substantially complete answers
    b. No completed Federal Disclosure form
    c.

### III. CONCLUSION

Having considered the relevant pleadings and the requirements of CMO 12, the Court orders as follows:

**A. Plaintiffs who are in compliance with PFS obligations**

As to the following 13 plaintiffs, the Court hereby **VACATES** the orders of dismissal. (1) Ksee Ashcraft, (2) Judy Barker, (3) Misty Brehm, (4) Morgan Chiti, (5) Rebekah Crosser, (6) Mary Eshbaugh, (7) Starlet Etheridge, (8) Elizabeth Grainger, (9) Diana Medina, (10) Talia Riffe, (11) Nicole Subler, (12) Kathy Thompson, and (13) Jessica Walden.  The Clerk of the Court is directed to **REINSTATE** the actions of these 13 plaintiffs.  **FURTHER**, the Court **ORDERS** these plaintiffs to cure the PFS delinquencies noted by Bayer in its responsive pleading within fourteen (14) days of the entry of this order.

**B. Plaintiffs who are not in compliance with PFS obligations**

The following plaintiffs have failed to provide *substantially complete* plaintiff fact sheets:  (1) Emily De La Cruz, (2) Andrea Ferris. (3) Sarah Fleck, (4)Austin Frazier, (5) Patricia Garcia, (6) Rachel Locken, (7) Nicole Love, (8) Kylie Pulliam, (9) Michelle Rhodes, (10) Allison Tinder, and (11) Sarah Vine.  Accordingly, as to these non-compliant plaintiffs, the motion to vacate the order of dismissal is **DENIED**.

**FURTHER**, The Court reminds the non-compliant plaintiffs that pursuant to CMO 12, "[u]nless Plaintiff has served Defendants with a completed PFS or has moved to vacate the dismissal without prejudice within 60 days after entry of any [plaintiff fact sheet] order of dismissal without prejudice, the order will be converted to a dismissal with prejudice upon defendants' motion."

In the instant case, the order of dismissal without prejudice was entered on March 1, 2012. Plaintiffs moved to vacate the dismissal on April 26, 2012. Although plaintiffs moved to vacate within the 60 day deadline, their PFS submissions are not substantially complete. The Court will allow plaintiffs an additional 14 days from the entry of this order to serve defendants with *substantially complete* PFS submissions. Once defendants have received *substantially complete* PFS submissions, plaintiffs may move to vacate the order of dismissal.

However, if plaintiffs fail to provide defendants with substantially complete PFS submissions within 14 days of the entry of this order, the order of dismissal will be converted to a dismissal with prejudice upon defendants' motion.

**SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2012.05.10 12:27:27 -05'00'

**Chief Judge
United States District Court**                                Date:  May 10, 2012